```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

In re                             )
                                  )
    DAVID J. FITZPATRICK,         )    11 C 7489
                                  )    (09 B 42759)
             Debtor.              )
_____)
                                  )
KENNETH J. ALLEN & ASSOCIATES,    )
                                  )
             Plaintiff,           )
                                  )
     v.                           )    Adv. Pro. No. 10-02210
                                  )
DAVID J. FITZPATRICK,             )
                                  )
             Defendant.           )
```

## MEMORANDUM ORDER

Kenneth J. Allen & Associates, P.C. ("Allen") has just filed a Notice of Appeal ("Notice") in connection with Adversary Proceeding 10-02210 in the Chapter 7 bankruptcy of debtor David Fitzpatrick (Case No. 09 B 42759). Relatedly Allen's counsel have noticed up a motion for presentment today, seeking to stay proceedings in the Bankruptcy Court pending resolution of the claimed appeal. Because the putative appeal is from a clearly nonappealable order and no good reason appears to call for entertaining the interlocutory order at issue, this Court dismisses the appeal sua sponte.

Although appellant's counsel mistakenly labels the appeal as taken under 28 U.S.C. §153(a),[1] that is clearly a typographical

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

error--Section 158(a) is obviously meant instead.  But just as the <u>denial</u> of a summary judgment motion is nonfinal and nonappealable in ordinary civil litigation, Section 158(a)(1) confers district court jurisdiction "to hear appeals (1) from <u>final</u> judgments, orders and decrees."  Indeed, Allen's counsel has been seeking to stave off the trial of the matter--most recently reset to October 26, 2011 (Bankruptcy Court Dkt. 58)--and the most recent docket entry in that court (Dkt. 67, entered on October 20) denied the putative appellant's motion to stay pending this appeal.[2]

This Court declines the invitation to second-guess the Bankruptcy Judge at this interim stage in the proceedings.  When a final order is issued in the adversary proceeding, it will be time enough to entertain a possible appeal.  As stated at the outset, then, the purported appeal and this action are dismissed for lack of jurisdiction, and the motions for leave to appeal and to stay are denied as moot.

                                                   */s/ William D. Shadur*
                                         Milton I. Shadur
                                         Senior United States District Judge

Date:  October 25, 2011

---

[2] To be sure, Section 158(a)(3) also allows appeals from interlocutory orders and decrees with leave of court, but this Court sees no legitimate basis for its interference with the orderly course of the proceeding before the Bankruptcy Court.